UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MONTGOMERY,<br><br>Petitioner,<br><br>v.<br><br>SOLANO STATE PRISON, CDC,<br><br>Respondent. | No.  2:15-cv-2422-EFB P<br><br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that it must be summarily dismissed.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action, whereas requests for relief

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

turning on the circumstances of one's confinement are properly brought in a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

In this case, petitioner complains about inadequate living space allegedly amounting to cruel and unusual punishment at Solano State Prison.[2] ECF No. 1 at 2-4. This habeas action must be summarily dismissed because petitioner's claim concerns only the conditions of his confinement. It does not sound in habeas because it does not concern the validity or duration of his confinement.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for an extension of time (ECF No. 4) is denied and this action is dismissed.

Dated: April 7, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also requests an extension of time. ECF No. 4. That request is denied as unnecessary, as there is no court-imposed deadline to extend. ECF No. 4.